UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DENNIS FORBES,

        Petitioner,                                  18-CV-6524CJS
                                                    99-CR-6084CJS-1
-v-                                             ORDER

UNITED STATES OF AMERICA,

        Respondent.

---

DENNIS FORBES,

        Petitioner,                                  18-CV-6025CJS
                                                    99-CR-6089CJS-
-v-                                             ORDER

UNITED STATES OF AMERICA,

        Respondent.

---

Petitioner, Dennis Forbes, was a defendant in two separate indictments returned in this Court: *United States v. Forbes*, 6:99-CR-06084-CJS ("First Action"); and *United States v. Forbes*, 6:99-CR-06089CJS ("Second Action").[1] He was convicted in the First Action, upon a plea of guilty, to one count of being a felon in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1). (First Action, Docket No. 42, Judgment.) Petitioner was also found guilty in the Second Action, following a jury trial, of one count of conspiracy to possess with intent to distribute and to distribute 50 grams or more of a mixture containing cocaine base, and a mixture containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). and 846, and one count of employing a person under 18 years of age in a drug

---

[1] A full and complete summary of Petitioner's criminal proceedings in both 6:99-CR-06084-CJS and 6:99-CR-06089-CJS is set forth in the Court's Decision and Order denying Petitioner's First Motion to Vacate. (First Action, Docket No. 65, Order, filed May 23, 2007.)

1

trafficking conspiracy, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 861(a)(1). (Second Action, Docket No. 160, Amended Judgment.) Petitioner was sentenced to a term of life in prison on the convictions entered in the Second Action and to 120 months imprisonment on the conviction entered in the First Action to be served concurrently with the life sentence imposed in the Second Action. (*Id.*)

Petitioner has now filed yet again two separate but identical "second or successive" Motions to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 in both criminal actions. (First Action, Docket No. 81; Second Action, Docket No. 298.) As set forth in the Order denying the most recent motions to vacate prior to the ones now before the Court (First Action, Docket No. 80 at 3; Second Action, Docket No. 295 at 3), Petitioner had filed at least five motions to vacate in the Second Action since the time he filed his "first" motion to vacate in the Second Action (Second Action, Docket No. 184), which was denied on March 24, 2011 (*id.*, Docket No. 208). In the First Action, Petitioner has filed at least two prior motions to vacate. (First Action, Docket Nos. 56 and 79.) There is no question that the two Motions to Vacate now before the Court are second or successive motions pursuant to 28 U.S.C. § 2255(h). *See White v. Nash*, 67 F. App'x 631, 633 (2d Cir. 2003) (Summary Order) (citing *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1988) (holding that a § 2255 motion is second or successive if it raises claims regarding the same conviction or sentence as the prior motion and the prior motion was denied on the merits.)

For the reasons addressed below, (1) Petitioner's Motions to Vacate are dismissed, and (2) Petitioner must show cause within 30 days of the date of entry of this Order why he should not be barred from filing any additional motions, petitions or other proceedings in this Court, of any type, challenging the legality and validity of his convictions and sentences in these two criminal actions without first obtaining leave of court (permission).

## DISCUSSION

2

## A. MOTIONS TO VACATE

The Motions to Vacate now before the Court are based on Petitioner's claim that he is "actually innocent" of the immigration charges that led to an order of removal being issued back in 1999 by an Immigration Judge following removal proceedings conducted at the Buffalo Federal Detention Facility in Batavia, New York. (First Action, Docket No. 81 at 8-9; Second Action, Docket No. 298 at 8-9, 16 (both referred to jointly herein as "Motion to Vacate at --"). The Board of Immigration Appeals, upon motion by Petitioner, stated that, "Upon review, we find that the case is not properly before us." (*Id.* at 9.) Petitioner asserts, as best the Court can discern, that the order of removal entered is null and void under the recent United States Supreme Court decision of *Sessions v. Dimaya*, --- U.S. ---, 138 S. Ct. 1204 (2018), because the offense that formed the basis of the order of removal, Reckless Endangerment, First Degree, N.Y. Penal Law § 120.25(5), was not a "crime of violence" as defined in 18 U.S.C. § 16.[2] (Motion to Vacate at 10-12.). He therefore claims that the order of removal (deportation) violated his Fifth, Sixth and Fourteenth Amendment rights and under *Sessions v. Dimaya*, *supra*, he is actually innocent of violating 18 U.S.C. § 16. He further argues that under *Dimaya*, he is entitled to cancellation of removal because *Sessions v. Dimaya* introduced a new "substantive rule" that should be applied retroactively, and that he was falsely arrested on August 11, 1999 for Criminal Possession of a Weapon, Second

---

[2] 18 U.S.C. § 16, states as follows:

The term "crime of violence" means—

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

3

Degree, N.Y. Penal Law § 265.03, and Criminal Possession of Stolen Property, Fourth Degree, *id.*, § 165.45. (Motion to Vacate at 2-13.)

In his request for relief, Petitioner asks the Court to declare that the removal hearing was null and void, remove the I.N.S.[3] detainer and return his alien registration card, and grant a new removal hearing because of the "prejudicial effect of evidence that affected the integrity of the proceeding by the admittance of a non-deportable offense and without jurisdiction to present." (Motion to Vacate at 18.) Petitioner does not request that the criminal convictions or sentences at issue in these cases be vacated, set aside or corrected in any manner.

**1. Second or Successive Motions**

Because the two Motions to Vacate are second or successive motions, *see* 28 U.S.C. § 2244, the Court must determine whether it should transfer the Motions to the United States Court of Appeals for the Second Circuit for a determination on certification under § 2255(h), or dismiss them because they are without merit. *See Rodriguez v. Shult*, Civil Action No. 9:09–CV–0390 (GTS), 2009 WL 1310641, at *5-6 (quoting *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004)); *see also Avendano v. United States*, No. 02 Civ. 1059, 2014 WL 7236036, at *2 (S.D.N.Y. Dec. 19, 2014) ("[A] district court need not transfer the second or successive motion if it is wholly without merit; the court should instead dismiss the motion if it is clear that the narrow set of factual predicates for relief on a second or successive section 2255 petition have not been made out.")

---

[3] "The Homeland Security Act of 2002 abolished the Immigration and Naturalization Service, established the Department of Homeland Security. and transferred the functions of immigration to the Department; after the transfer, the title 'Attorney General' is synonymous with the Secretary of Homeland Security. 6 U.S.C. §§ 111, 291 (establishing the Department of Homeland Security, as an executive department of the United States). Additionally, functions of adjudications of visa petitions and naturalization applications were transferred to the Director of the United States Citizenship and Immigration Services of the Department of Homeland Security. 6 U.S.C. § 271." *Brown v. Ashcroft*, 360 F.3d 346, 348 n.1 (2d Cir. 2004)

Determining that the Motions to Vacate are without merit under § 2255 and do not fall within the "narrow set of factual predicates" for relief under § 2255 does not require much discussion. Petitioner is challenging a 1999 order of removal; not the convictions (nor any federal criminal conviction) for which he currently is serving a life sentence and a 120-month sentence to be served concurrently with the life sentence. Section 2255 is not a means available to Petitioner to challenge an order of removal—the only basis for relief sought herein. A motion under § 2255 "seeks to challenge the legality of the imposition a sentence by a court . . . ." *Chambers v. United States*, 06 F.3d 472, 474 (ed Cir. 1997); *cf.* 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this chapter . . . ."); *Marquez-Almanzar v. I.N.S.*, 418 F.3d 210, 215 (2d Cir. 2005) (finding that 8 U.S.C. § 1252(a)(5) unequivocally eliminates habeas corpus review of orders of removal.)

Accordingly, the Court finds that the Motions to Vacate are without merit and are hereby dismissed.

**II. SANCTIONS**

Petitioner has filed, exclusive of the two Motions to Vacate now before the Court, at least seven motions to vacate pursuant to § 2255 in the Second Action (Docket Nos. 184, 214, 216, 228, 229, 236 and 293) and at least two in the First Action (Docket Nos. 56 and 79). In addition, Petitioner has also filed a number of motions to reduce his sentence and for retroactive application of the Sentencing Guidelines (Second Action, Docket Nos. 214, 216, 226, 232, 243, 250, 262, 282 and 289).

The Court's Order denying Petitioner's most recent motions to vacate expressly warned Petitioner that the continued filing of frivolous or vexatious motions in this Court

challenging the legality of his convictions or sentences in these two matters may result in the imposition of an injunction barring the filing of any future filings in this Court related to his convictions and sentences without first obtaining leave of court. (First Action, Docket No. 80 at 11; Docket No. 298 at 3.) Despite this warning, Petitioner filed the two Motions to Vacate at issue. As discussed above, the relief requested in the Motions is not available under § 2255 and the Motions haves no arguable basis in law or fact.

A court when faced with a vexatious litigant, may consider the following factors when determining whether to limit access to the courts in the future:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir v. U.S. Lines, 792 F.2d 19, 23-24 (2d Cir. 1986). Under these circumstances, a court may impose reasonable restrictions on a pro se litigant's ability to file further motions or cases in the court, pursuant to 28 U.S.C. § 1651(a) and the court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings. See Gasaway v. Williams, No. 8:11-CV-0549 (GTS/RFT), 2012 WL 264611, at 7 (N.D.N.Y., Jan. 30 2012). "The primary question for the court is whether the litigant is likely to continue to abuse the judicial process." Persuad v. United States, Nos. 04-CV-2862 (CBA), 10-CV-0156 (CBA), 2010 WL 538823, at *5 (E.D.N.Y. Feb. 11, 2010) (citing Safir, 792 F.2d at 24).

Based on Petitioner's long-history of filing unsupported, frivolous and oft-times repetitive motions to vacate under § 2255 and other motions challenging the convictions and sentences in these two criminal actions, and the Court's finding that Petitioner will continue to file motions and abuse the judicial process, the Court finds that an injunction prohibiting the filing in the future of any motions, petitions or proceedings, of any type, challenging the

6

convictions and sentences in the two criminal actions referenced above without first obtaining leave of court should be entered. See Gassaway, 2012 WL 264611, at *7 (collecting cases imposing restrictions on future access to the court based on a history of filing vexatious and frivolous complaints); see also Persuad, 2010 WL 538823, at *5 (finding that only the imposition of a filing ban after the filing of numerous § 2255 motions and other requests for early release "likely to stem the flow of filings").

Before the Court can impose a filing injunction, however, it must first provide Petitioner notice of its intent to impose such an injunction and the opportunity to address why such an injunction should not be entered. E.g., Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) ("[T]he district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard.").

Accordingly, Petitioner is hereby directed to show cause, in writing, within 30 days of entry of this Order why he should not be enjoined from filing any future motion, petition, or other document in this Court related to the two convictions and sentences at issue herein, United States v. Forbes, 6:99-cr-0684-CJS-1; and United States v. Forbes, 6:99-cr-06089-CJS-1, without prior authorization of the Court, except for a notice of appeal from this Order. Should Petitioner discover a meritorious basis for a second or successive habeas petition, nothing would prevent him from filing in the Court of Appeals a request for certification of a second or successive petition, see 28 U.S.C. § 2255(h).

## **ORDER**

For the foregoing reasons, the two Motions to Vacate in the above-referenced actions are dismissed. Petitioner is directed to show cause within **30 days** of the entry of this Order why an injunction should not issue prohibiting him from filing additional motions, petitions or other proceedings in this Court related to his convictions and sentences in 6:99-cr-0684-CJS-1; and 6:99-cr-06089-CJS-1, other than a notice of appeal, without first seeking leave of the

7

Court. In addition, because the issues raised herein are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and, accordingly the Court denies a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of any appeal. See *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

SO ORDERED.

_____
Charles J. Siragusa
United States District Judge

DATED: Aug 23, 2018
Rochester, NY